IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALEXANDER PALOMARES-ORTÍZ [23],<br><br>Defendant. | CRIMINAL NO. 16-591 (GAG) |

**REPORT AND RECOMMENDATION**

Defendant Alexander Palomares-Ortíz [23] was charged in Counts One through Five of the Indictment and he agreed to plead guilty to Count One of the Indictment. Count One charges Defendant with conspiracy to possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of a mixture of substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess one (1) kilogram of a mixture of substance containing a detectable amount of heroin, a Schedule I Narcotic Drug Controlled Substance; in excess of five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing a detectable amount of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing a detectable amount of Alprazolam (commonly known as Xanax), a Schedule IV Controlled Substance; within one thousand (1,000) feet of a real property comprising housing facility owned by a public housing authority, within one thousand (1,000) feet of a public or private elementary, vocational, or secondary school,

United States of America v. Alexander Palomares-Ortíz [23]
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 2

and within one thousand (1,000) feet of a playground, all within the Municipality of San Juan, Puerto Rico. All in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 860.

On June 12, 2018, Defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Víctor Chico-Luna, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

<u>United States of America v. Alexander Palomares-Ortíz [23]</u>
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 3

aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences.

<u>United States of America v. Alexander Palomares-Ortíz [23]</u>
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 4

During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life in prison, a fine not to exceed twenty million dollars ($20,000,000.00); and a term of supervised release of not less than ten (10) years, in addition to any term of incarceration, pursuant to Title 21, <u>United States Code</u>, Sections 841(b)(1)(A), 846 and 860.

However, for the purposes of the plea agreement, the defendant is being held responsible for the possession of at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine. Therefore, if the Court accepts the stipulation, the defendant faces a minimum term of imprisonment of five (5) years up to a maximum term of eighty (80) years, a fine not to exceed ten million dollars ($10,000,000.00), and a term of supervised release of not less than eight (8) years in addition to any term of incarceration, pursuant to Title 21, <u>United States Code</u>, Sections 841(b)(1)(C), 846 and 860.

Prior to Defendant's change of plea hearing, Defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the

<u>United States of America v. Alexander Palomares-Ortíz [23]</u>
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 5

document entitled "Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Based on the amount of controlled substance stipulated by the parties, that is at least three point five (3.5) kilograms but less than five (5) kilograms of cocaine, the Base Offense Level is of twenty-eight (28), pursuant to U.S.S.G. §2D1.1(c)(6). Pursuant to U.S.S.G. §2D1.2(a)(1), an increase of two (2) levels is agreed for a specific offense characteristics: protected location (distribution within 1,000 feet of a public housing project/ school zone). Pursuant to U.S.S.G. §2D1.1(b)(1), an increase of two (2) levels is agreed for a specific

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

offense characteristic: possession of a firearm. A decrease of three (3) levels is agreed for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1. Therefore, the Total Offense Level is of twenty-nine (29), yielding an imprisonment range of eighty-seven (87) to one hundred and eight (108) months assuming a Criminal History Category of I; ninety-seven (97) to one hundred and twenty-one (121) months assuming a Criminal History Category of II; one hundred and eight (108) to one hundred and thirty-five (135) months assuming a Criminal History Category of III; one hundred and twenty-one (121) to one hundred and fifty-one (151) months assuming a Criminal History Category of IV; one hundred and forty (140) to one hundred and seventy-five (175) months assuming a Criminal History Category of V; and one hundred and fifty-one (151) and one hundred and eighty-eight (188) months assuming a Criminal History Category of VI.

The parties make no stipulation as to Defendant's Criminal History. However, the parties stipulate that Defendant's conviction and sentence in state level case numbers KSC 2014 G0415 and KSC 2014 G0416 are part of the relevant conduct in this case, therefore such convictions should not score any points in the criminal history calculation.

The United States and Defendant agree to recommend that Defendant be sentenced to ninety-six (96) months of imprisonment, regardless of his criminal history category. Defendant recognizes that the count of conviction carries a statutory minimum sentence of sixty (60) months. Defendant would agree that this sentence recommendation is reasonable pursuant to Title 18, United States Code, Section 3553(a).

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

The United States and Defendant agree that no departures shall be requested by the parties. The Plea Agreement has taken into consideration all Title 18, United States Code, Section 3553 factors. Any recommendation for a term of imprisonment below what has been stipulated in paragraph nine (9) of the plea agreement will constitute a material breach of the plea agreement.

Defendant acknowledged being aware of the Forfeiture Provisions included in paragraph twenty-two (22) of the Agreement and discussing the same with his counsel. Defendant indicated he understood its terms and conditions which were explained by his counsel.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

<u>United States of America v. Alexander Palomares-Ortíz [23]</u>
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 8

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.  Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.   Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences.

<u>United States of America v. Alexander Palomares-Ortíz [23]</u>
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 9

Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 16-591 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 16-591 (GAG).

IT IS SO RECOMMENDED.

The sentencing hearing is set for October 9, 2018 at 9:00 am before Honorable Gustavo A. Gelpí, District Judge.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). <u>See</u> also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v.</u>

<u>United States of America v. Alexander Palomares-Ortíz [23]</u>
Criminal No. 16-591 (GAG)
Report and Recommendation
Page 10

<u>Valencia</u>, 792 F.2d 4 (1st Cir. 1986).    See <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, this 14th day of June of 2018.

                                        s/ CAMILLE L. VELEZ-RIVE
                                        CAMILLE L. VELEZ-RIVE
                                        UNITED STATES MAGISTRATE JUDGE